1
2
3
4
5
6
7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8             AT SEATTLE
9
10
11   JAMES WILLETT,                          Case No. C17-1239RSL

                     Plaintiff,             ORDER DENYING
12                                          MOTION TO DISMISS
              v.
13
     VELOCITY ON-SITE, LLC, and CHARLES
14   RAMSEY,

15                   Defendants.
16
17
18       This matter comes before the Court on defendant Charles Ramsey's "Motion to
19
     Dismiss, to Declare Null the Promissory Note, Unconstitutional and Counterclaim." Dkt.
20
     # 6. Defendant's motion is construed by the Court as both a motion to dismiss per Fed. R.
21
22   Civ. P. 12(b)(7) and a motion for summary judgment per Fed. R. Civ. P. 56. Having

23   reviewed the complaint, the memoranda, and exhibits submitted by the parties, the Court

24   DENIES defendant's motion.
25
26
27
28

## BACKGROUND

Plaintiff James Willett lives in Washington. Defendant Charles Ramsey lives in Missouri, and defendant Velocity On-Site[1] is a Missouri limited liability company. Plaintiff and defendants were previously involved in a business venture, Agrisoft Development Group. At some point Agrisoft was sued, and Willett and Ramsey were named as defendants in multiple lawsuits. In response, on July 1, 2015, defendant Velocity On-Site executed a promissory note with plaintiff in which it agreed to pay 19% of the legal fees related to the lawsuits. Defendant Ramsey guaranteed the obligations of Velocity On-Site under the note.

After failing to make the first interest payment due on February 5, 2017, defendants were sent a notice of default. Per the terms of the note, plaintiff now seeks to accelerate the payment process and asks for all monies owed to him, which totals $106,606.85 plus interest.

## DISCUSSION

Defendant's motion may be summarized as follows: 1) he argues that the complaint should be dismissed for failure to join his wife, Cinnamon Ramsey; 2) he argues that RCW 19.36.010 is unconstitutional; and 3) he argues that the complaint

---

[1] The parties dispute the name. Velocity On-Site is registered with the Missouri Secretary of State as being organized by Charles Ramsey and Cinnamon Ramsey. Dkt. # 3, Ex. C. The promissory note at issue, however, names the company as Velocity Insight, LLC. Velocity Insight is a separate Missouri company organized by John Williams, who is not a party to this action. Dkt. # 3, Ex. D. As part of his complaint, plaintiff seeks to reform the promissory note to reflect that the correct party to the contract was Velocity On-Site, not Velocity Insight. Dkt. # 3 ⁋⁋ 6.1-6.16. Defendant disagrees and claims to be a member of both companies. Dkt. # 5 at 3.

should be dismissed because plaintiff breached the terms of the contract. Each of defendant's arguments is addressed below.

**A. Failure to join**

Defendant argues that dismissal is proper because plaintiff did not also name Cinnamon Ramsey, Charles Ramsey's wife, as a defendant. Therefore, according to defendant, the Court "cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). The Court disagrees. Regardless of whether Cinnamon Ramsey is a named defendant, the Court's ruling on the merits in the dispute between plaintiff Jim Willett and defendants Charles Ramsey and Velocity On-Site will dispose of this case in its entirety. If a judgment is entered in favor of plaintiff, Mrs. Ramsey's interest in the marital community may limit the assets available to pay the judgment, but that does not make her an indispensable party under Rule 19(a)(1).

Despite defendant's protestations that the Court "needs to allow Cinnamon Ramsey the right to be heard" (Dkt. # 6 at 4), it appears that Mrs. Ramsey's interests are already being represented in this litigation. In his Answer (Dkt. # 5), defendant admits that Cinnamon Ramsey is an owner/member of Velocity On-Site, which is a named defendant represented by counsel. <u>See</u> Notice of Appearance, Dkt. # 4. Because the Court finds that Cinnamon Ramsey is not a required party, and in any case her interests are already being represented as part of Velocity On-Site, the Court DENIES defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

**B. Constitutionality of RCW 19.36.010**

In his motion, defendant also challenges the constitutionality of Washington's statute of frauds, RCW 19.36.010. Defendant argues that this law, which requires certain contracts to be in writing, is unconstitutional "because it can be considered discrimination in great amplitude to married women, as most often men are the ones that conduct business as such[.]" Dkt. # 6 at 3.

Defendant's argument is frivolous. In urging the Court to declare the statute unconstitutional on the grounds of discrimination against married women, defendant relies on sexist stereotypes about the roles of men and women in society. Defendant's motion to declare RCW 19.36.010 unconstitutional is DENIED.

**C. Plaintiff's alleged breach of contract**

Finally, defendant asks the Court to dismiss the complaint because of plaintiff's alleged breach of contract. Defendant asserts that plaintiff breached his contractual obligations by failing to send certain quarterly reports and failing to mediate as required under the note. Dkt. # 6 at 4-5. Because defendant addresses matters outside the pleadings, the Court treats this argument as a Rule 56 summary judgment motion. See Fed. R. Civ. P. 12(d). Defendant attached two emails showing that plaintiff did submit at least two quarterly reports, but he has not otherwise offered any admissible evidence showing that plaintiff violated the terms of the contract. Because defendant has failed to adduce any evidence showing that there is "no genuine dispute as to any material fact"

(Fed. R. Civ. P. 56(a)), defendant's motion for summary dismissal for plaintiff's alleged breach of contract is DENIED.[2]

## CONCLUSION

For all of the foregoing reasons, defendant's motion (Dkt. # 6) is DENIED.

Dated this 1st day of December, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Alternatively, defendant may have simply meant to amend his pleadings instead of moving for summary judgment. Because the Court has a duty to construe *pro se* motions liberally (see Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003)), defendant is GRANTED leave to amend his pleadings to properly assert the alleged breach of contract as a defense or counterclaim.